1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

11
12

LANISHA DALANEY,                    )    Case No. CV 16-05466-AS
13                                          )
                    Plaintiff,       )    **MEMORANDUM OPINION AND**
14                                          )
        v.                          )    **ORDER OF REMAND**
15                                          )
NANCY A. BERRYHILL,[1]               )
16  Acting Commissioner of the       )
Social Security Administration,)
17                                          )
                    Defendant.       )
18  _____ )

19

20      Pursuant to Sentence 4 of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED

21  that this matter be remanded for further administrative action

22  consistent with this Opinion.

23

24                          **PROCEEDINGS**

25

26      On January 12, 2017, Plaintiff filed a Complaint seeking review of

27  the denial of her applications for Disability Insurance Benefits and

28
        [1]   Nancy A. Berryhill is now the Acting Commissioner of the
Social Security Administration and is substituted in for Acting
Commissioner Caroyln W. Colvin in this case. See 42 U.S.C. § 205(g).

Supplemental Security Income. (Docket Entry No. 1). The parties have consented to proceed before the undersigned United States Magistrate Judge. (Docket Entry Nos. 11-12). On January 3, 2017, Defendant filed an Answer along with the Administrative Record ("AR"). (Docket Entry Nos. 17-18). The parties filed a Joint Stipulation ("Joint Stip.") on January 18, 2018, setting forth their respective positions regarding Plaintiff's claims. (Docket Entry No. 36).

The Court has taken this matter under submission without oral argument. See C.D. Cal. L.R. 7-15.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

On May 31, 2013, Plaintiff, formerly employed in dental offices (see AR 259-60, 437-39), filed applications for Disability Insurance Benefits and Supplemental Security Income, both alleging a disability since June 27, 2012. (See AR 368-77). The Commissioner denied Plaintiff's applications initially and on reconsideration. (AR 297, 308). On November 10, 2014, the Administrative Law Judge ["ALJ"], James Moser, heard testimony from Plaintiff (represented by counsel), medical expert Harvey Alpern, and vocational expert Sandra Trost. (See AR 257-75).

On December 5, 2014, the ALJ issued a decision denying Plaintiff's applications. (See AR 229-35). Applying the five-step sequential process, the ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since June 27, 2012, the alleged onset date. (AR 231). At step two, the ALJ found that Plaintiff had a severe

impairment -- seizure disorder (AR 231).[2]  At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or medically equal the severity of any of the listings enumerated in the regulations. (AR 232-33).  A

The ALJ then assessed Plaintiff's residual functional capacity ("RFC")[3] and concluded that she could perform a narrowed range of light work[4] with the following limitations: can lift and/or carry up to 10 pounds frequently and up to 20 pounds occasionally; can stand and/or walk for 6 hours out of an 8-hour workday; can sit for 6 hours out of 8-hour workday; can occasionally do postural activities; cannot climb ropes, ladders, or scaffolds; cannot work at unprotected heights or near dangerous equipment; and must avoid concentrated exposure to pulmonary irritants. (AR 233-35).

At step four, the ALJ, relying on the vocational expert's hearing testimony, found that Plaintiff was capable of performing her past relevant work as a medical receptionist as that job was generally

---

[2]  The ALJ found that Plaintiff's other impairments -- asthma, non-obstructing pulmonary embolism, sickle cell trait, obesity, hypertension, compression frature at T7, and sinusitis -- were non-severe.  (AR 231-32).

[3]  A Residual Functional Capacity is what a claimant can still do despite existing exertional and nonexertional limitations.  See 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

[4]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves stitting most of the time with some pushing and pulling of arm or leg controls."    20 C.F.R. §§ 404.1567(b), 416.967(b).

performed.  (AR 235).  The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act.  (AR 235).

The Appeals Council denied Plaintiff's request for review on May 20, 2016.  (See AR 3-8, 205-06).  Plaintiff now seeks judicial review of the ALJ's decision which stands as the final decision of the Commissioner. See 42 U.S.C. §§ 405(g), 1383(c).

## STANDARD OF REVIEW

This Court reviews the Administration's decision to determine if it is free of legal error and supported by substantial evidence.  See Brewes v. Comm'r, 682 F.3d 1157, 1161 (9th Cir. 2012).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance. Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014).  To determine whether substantial evidence supports a finding, "a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion."  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (internal quotation omitted).  As a result, "[i]f the evidence can support either affirming or reversing the ALJ's conclusion, [a court] may not substitute [its] judgment for that of the ALJ."  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).
//
//
//

**PLAINTIFF'S CONTENTIONS**

Plaintiff alleges that the ALJ erred in finding that: (1) Plaintiff did not meet Listed Impairment 11.02(A); (2) Plaintiff could perform her past relevant work as generally performed; (3) Plaintiff could perform her past relevant work, based on her seizures; and (4) Plaintiff could perform her past relevant work, based on her inability to sit 6 hours out of an 8-hour workday. (See Joint Stip. at 4-6, 8-14, 17-23, 26-27).

**DISCUSSION**

After consideration of the record as a whole, the Court finds that Plaintiff's second claim of error warrants a remand for further consideration.

**A.    The ALJ Erred in Finding that Plaintiff Could Perform her Past Relevant Work as Generally Performed**

Plaintiff asserts that the ALJ erred in finding that Plaintiff could perform her past relevant work as generally performed. (See Joint Stip. at 12-14, 17-19). Defendant asserts that the ALJ properly found that Plaintiff could perform her past relevant work as generally performed, and, alternatively, that any error by the ALJ in finding that Plaintiff could perform her past relevant work was harmless. (See Joint Stip. at 14-16).

Plaintiff submitted a Work History Report, stating that she worked as a registered dental assistant in one dental office from March 2000 to June 2002 and in another dental office from January 2009 to June

2012.  In both jobs, she answered the telephone, made appointments, ran errands, and did billing when she worked at the front desk, and she assisted the dentist, took X-rays, cleaned rooms and instruments, took impressions, poured study models, and did whitenings when she worked in the back office.  Both jobs required her to walk and stand for 8 hours a day, sit for 1 hour a day, climb for 30 minutes a day, stoop for 1 to 2 hours a day, kneel and crouch for 1 hour a day, handle/grab/grasp objects for 3 to 4 hours a day, and to write/type/handle small objects for 8 hours a day.  At both jobs she lifted 50 pounds maximum, and lifted 25 pounds frequently (1/3 to 2/3 of the workday).  At both jobs she supervised two people.  (See AR 437-39).

At the administrative hearing, Plaintiff testified she last worked as a dental assistant on June 27, 2012.  Her responsibilities included telephone calls, greeting patients, filing, insurance, billing, instruments, cleaning, seating, "running cases to the labs and back," "runs to the bank," "runs to get lunch," and pretty much acting like an office manager.  (See AR 259-60).

The ALJ asked the vocational expert to describe Plaintiff's past relevant work.  The vocational expert initially identified Plaintiff's past relevant work as a dental assistant (Dictionary of Occupational Titles ["DOT"] 079.361-018, light work, SVP 6], but after noting that Plaintiff's testimony about doing front office work rendered her dental assistant work a "multitask job" or a "combined job," the vocational expert testified that Plaintiff's past relevant work was as a medical

receptionist (DOT 237.367-038, sedentary work, SVP 4)[5]. The vocational

expert testified that, based on the medical expert's residual functional

capacity assessment (lifting 20 pounds occasionally and 10 pounds

frequently; standing and walking 6 out of 8 hours; occasional posturals;

and no ropes, ladders, heights, dangerous heights, concentrated noxious

---

[5]    DOT 237.367-038 describes the duties of Receptionist as follows:

Receives callers at establishment, determines nature of business, and directs callers to destination: Obtains caller's name and arranges for appointment with person called upon. Directs caller to destination and records name, time of call, nature of business, and person called upon. May operate PBX telephone console to receive incoming messages. May type memos, correspondence, reports and other documents. May work in office of medical practitioner or in other health care facility and be designated Outpatient Receptionst (medical ser.) or Receptionist, Doctor's Office (medical ser.). May issue visitor's pass when required. May may future appointments and answer inquiries [INFORMATION CLERK (clerical) 237.367-022]. May perform a variety of clerical duties [ADMINISTRATIVE CLERK (clerical) 219.362-010] and other duties pertinent to type of establishment. May collect and distribute mail and messages.

DOT 237.367-038, 1991 WL 672192.

The Receptionist occupation involves the following strength:

Sedentary Work - Exerting up to 10 pounds of force occasionally (Occasionally: activity or condition exists up to 1/3 of the time) and/or negligible amount of force frequently (Frequently: activity or condition exists from 1/3 to 2/3 of the time) to lift, carry, push, pull, or otherwise move objects, including the human body. Sedentary work involves sitting most of the time, but may involve walking or standing for brief periods of time. Jobs are sedentary is walking and standing are required only occasionally and all other sedentary criteria are met.

Id.; see also 20 C.F.R. §§ 404.1567(a), 416.967(a) ("Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.").

7

fumes, dusts, irritants and odors, <u>see</u> AR 269-70), Plaintiff could return to her past relevant work. (<u>See</u> AR 270-72).

The ALJ addressed whether Plaintiff was able to peform her past relevant work as follows:

> The claimant has past relevant work as a medical receptionist. [¶] The vocational expert testified the position of medical receptionist (DOT 237.367-038) is semi-skilled (SVP 4) and performed at the sedentary exertional level. The vocational expert further testified that, considering the residual functional capacity assigned herein, the claimant can perform her past relevant work as a medical receptionist. [¶] The undersigned accepts the testimony of the vocational expert, and therefore finds the claimant can perform her past relevant work as a medical receptionist. [¶] In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed.

(AR 235).

At step four, the claimant bears the burden of demonstrating that he or she can no longer perform his or her past relevant work. 20 C.F.R. §§ 404.1512(a), 404.1520(f), 416.912(a), 416.920(f); <u>Barnhart v. Thomas</u>, 540 U.S. 20, 25 (2003); <u>Matthews v. Shalala</u>, 10 F.3d 678, 681 (9th Cir. 1993); <u>see also Tacket v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999)("The burden of proof is on the claimant as to steps one to four.")

A claimant has the ability to return to previous work if he or she can perform the "'actual functional demands and job duties of a particular past relevant job'" or "'[t]he functional demands and job duties of the [past] occupation as generally required by employers throughout the national economy.'" Pinto v. Massanari, 249 F.3d 840, 845 (9th Cir. 2001)(quoting Social Security Ruling 82-61). "This requires specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work." Id. (citing SSR 82-62).

"[T]he best source for how a job is generally performed is usually the [DOT]." Pinto, supra (citing Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995), 20 C.F.R. §§ 404.1566(d), 416.1566(d), and SSR 82-61). "[C]omposite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT." SSR 82-61. Moreover, the ALJ may not use a job's least demanding function when identifying a claimant's past relevant work. See Valencia v. Heckler, 751 F.2d 1081, 1087 (9th Cir. 1985)("Every occupation consists of a myriad of tasks, each involving different degrees of physical exertion. To classify an applicant's past relevant work according to the least demanding function of the claimant's past occupations is contrary to the letter and spirit of the Social Security Act.").

Here, the AlJ erred in finding that Plaintiff could perform her past relevant work -- a composite job -- as generally performed. See

9

Cook v. Colvin, 2015 WL 162953, *7 (C.D. Cal. Jan. 13, 2015)("When a job is 'composite'--that is, it has significant elements of two or more occupations therefore has no counterpart in the the DOT--the ALJ considers only whether the claimant can perform his past relevant work as actually performed.")(citing Program Operations Manual System (POMS) D I   2 5 0 0 5 . 0 2 0 ( B ) , a v a i l a b l e   a t http://policy.ssa.gov/poms.nsf/lnx/0425005020Z); LePage v. Berryhill, 2017 WL 4539272, *2 (E.D. Cal. Oct. 11, 2017)("[B]ecause the job at issue was a composite job, the ALJ was precluded from finding that plaintiff could perform the position as it was generally performed in the national economy.").

Moreover, the ALJ erred in classifying Plaintiff's past relevant work according to the least demanding function, namely, the front desk reception work (i.e., answering phones, making appointments, collecting payments, running errands, billing, see AR 260, 438-39). See Valencia v. Heckler, 751 F.2d at 1086-87 (the ALJ erred by classifying the claimant's past work as a tomato sorter requiring light work, when the claimant's past work as a kitchen helper and agricultural worker were classified as medium work and required significant manual labor including lifting heavy machinery and farm field work); Carmickle v. Commissioner, Soc. Sec. Admin., 533 F.3d 1155 (9th Cir. 2007)(the ALJ erred by classifying the claimant's past carpentry work as purely supervisory requiring no manual labor when the claimant's job involved remodeling houses as well as supervising a crew of other carpenters).

Defendant contends that Plaintiff's argument concerning the "least demanding function" is foreclosed by <u>Stacy v. Colvin</u>, 825 F.3d 563 (9th Cir. 2016). (<u>See</u> Joint Stip. at 15). In <u>Stacy</u>, the Ninth Circuit stated, "We hold that *Valencia* and its progeny do not apply in cases such as this one where (1) the 'least demanding function' is a task that the claimant actually performed most of the time; and (2) the DOT defines the claimant's past job as requiring only that least demanding function." <u>Id.</u> at 570.

Defendant asserts that "Plaintiff performed office management tasks relating to the medical receptionist aspect of her job most of the time, and less frequently performed the dental assistant tasks." (Joint Stip. at 15, citing AR 270-72 [the vocational expert testified that Plaintiff "described she was doing the front office" "[a] good part of the time."]). However, the evidence in the record simply does not support the assertion that Plaintiff spent more time working front office tasks than she did working dental assistant tasks. (<u>See</u> AR 259-60, 438-39). Therefore, <u>Stacy</u> is not applicable to this case.

Defendant alternatively contends that any error by the ALJ in finding that Plaintiff could return to her past relevant work was harmless because "the vocational expert also identified other sedentary occupations that Plaintiff could perform such as addresser, document preparer or order clerk, food beverage." (Joint Stip. at 16, citing AR 274 [the vocational expert testified that besides the medical receptionist job, Plaintiff could also perform the following jobs:

addresser (DOT 209.587-010, sedentary, SVP 2, 1,000 local jobs, 8,047 national jobs); document preparer (DOT 249.587-018, sedentary, SVP 2, 1,457 local jobs, 45,076 national jobs); and order clerk, food beverage (DOT 209.567-014)].

Since the ALJ did not discuss or adopt the vocational expert's testimony regarding these other jobs, the Court is not able to find that the ALJ's error is harmless. See Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008)(An ALJ's error is harmless "when it is clear from the record . . . that it was 'inconsequential to the ultimate nondisability determination.'")(citation omitted); see also Carmickle v. Commissioner, 533 F.3d 1155, 1162 (9th Cir. 2008)("[T]he relevant inquiry in this context is not whether the ALJ would have made a different decision absent any error, . . ., it is whether the ALJ's decision remains legally valid, despite such error.").

**B.  Remand Is Warranted**

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000).  Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings.").  However, where,

12

as here, the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); Harman v. Apfel, supra, 211 F.3d at 1179-81.

Since the ALJ failed to properly find that Plaintiff could perform her past relevant work, remand is appropriate.  Because outstanding issues must be resolved before a determination of disability can be made, and "when the record as a whole creates serious doubt as to whether the [Plaintiff] is, in fact, disabled within the meaning of the Social Security Act," further administrative proceedings would serve a useful purpose and remedy defects. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014)(citations omitted).[6]

//

//

//

---

[6]    The Court has not reached any other issue raised by Plaintiff except to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. "[E]valuation of the record as a whole creates serious doubt that Plaintiff is in fact disabled." See Garrison v. Colvin, 759 F.3d 995, 1021 (2014).  Accordingly, the Court declines to rule on Plaintiff's claims regarding the ALJ's errors in finding that (1) Plaintiff did not meet Listed Impairment 11.02(A) (see Joint Stip. at 4-6, 8-11), (2) Plaintiff could perform her past relevant work, based on her seizures (see Joint Stip. at 19-21), and (3) Plaintiff could perform her past relevant work, based on her inability to sit 6 hours out of an 8-hour workday (see Joint Stip. at 22-23, 26-27). Because this matter is being remanded for further consideration, these issues should also be considered on remand.

**ORDER**

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. § 405(g).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 26, 2018

                                            /s/
                                      ALKA SAGAR
                           UNITED STATES MAGISTRATE JUDGE